BARFIELD, Judge,
concurring and dissenting:
I concur in affirming the final administrative order. I dissent from the certification of the question of application of the doctrine of equitable tolling.
I have no hesitation saying the time for seeking review with the Department of Administration would be tolled if the Department of Insurance interfered with the appellant’s right to a hearing. That doctrine does not apply in this case. To ask the supreme court to consider this case would, at best, be asking for an advisory opinion.
The Department of Insurance gave Ma-chules clear and simple instructions on his right to a hearing. Before this notice there was no mention of a union grievance. It is Machules’ decision to ignore the notice and accept the bad advice of his union that put him in the predicament in which he now finds himself.
It is in the April 1, 1985, letter from AFSCME to the Department of Administration that the only allegations concerning tolling and conduct of the Department of Insurance are found. In pertinent parts that letter provides:
... Unfortunately AFSCME Regional Office staff in Tampa, and the Appellant, assumed that the abandonment could be reviewed through the AFSCME Grievance Procedure.
... Had the Appellant been timely advised by the agency upon its receipt of the grievance, of the inappropriate forum/procedure, the Appellant would have had sufficient time to petition your office for review of the alleged abandonment.
In the order under review the Department of Administration addressed the issue raised by appellant with the following language:
... Although the letter on behalf of Petitioner requests that the time limit for petitioning be tolled so as to make the petition timely, from the facts established in the letter and the applicable rule, there is no basis upon which said relief can be granted. (Emphasis added)
The Department was correct in construing the appellant’s letter as failing to state a sufficient factual or legal basis for applying the concept of administrative tolling. There is no charge of improper conduct by the agency. There is only a charge that the agency failed to give timely legal advice to appellant. The agency had no obligation to give legal advice to the appellant. It had fulfilled its duty in clearly advising appellant of his right to a hearing under the rules prior to appellant’s choosing to *441 seek the advice of his union and initiate a grievance pursuant to the union contract.
If we were to determine that the record supported application of the doctrine of tolling and then chose to apply it or reject it, we could properly certify the question. Asking the question in this case is a certification in the abstract.